ORDER AND JUDGMENT * Per Curiam Kwame Otoyumaboya Hill, proceeding pro se, appeals from the district court’s dismissal of his federal claims against several defendants on the ground of res judi-cata- because of a state-court judgment against him on claims arising out of the same course of conduct. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. In March 2016, Mr. Hill filed a complaint in federal court against Corizon Health, Inc.; the Kansas Department of Corrections (KDOC); C.G. Harrod; Deanna Morris; H.C.P. Nickelson; James Heim-gartner, Warden of the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas; Jarred Watson; and Mary Emerson. He brought his claims under 42 U.S.C. § 1983, asserting that the defendants violated his constitutional rights under the Eighth and Fourteenth Amendments while treating him with Coumadin from August 2013 through mid-March 2014 during his incarceration at EDCF. On initial screening of Mr. Hill’s complaint, the district court sua sponte dismissed Warden Heimgartner after concluding that Mr. Hill’s complaint failed to state a claim for relief against him, Mr. Hill has not challenged that dismissal on appeal. Corizon, Nickelson, Morris, and Emerson filed a joint motion to dismiss Mr. Hill’s claims against them as barred by res judicata. The district court sua sponte converted the motion into a motion for summary judgment. KDOC and Watson (who worked at EDCF) subsequently filed a joint motion to dismiss and then Harrod also filed his own motion to dismiss. In the motions to dismiss, these defendants argued, among other things, that Mr. Hill’s claims against them were barred by res judicata. The defendants sought dismissal based on res judicata because Mr. Hill had filed an earlier lawsuit in state court in Butler County, Kansas. In that action, Mr. Hill asserted claims for medical malpractice and gross negligence arising from his medical care at EDCP — in particular, his treatment with Coumadin — from July 2013 into March 2014, Mr. Hill filed an amended complaint adding the KDOC as a defendant, but stating that it involved “the same basic events” as his original complaint. R., Vol. II at 672. The district court ultimately granted all of the motions on the ground of res judica-ta. Mr. Hill appeals from that decision. The appellees, who filed a single, joint response brief, argue that Mr. Hill waived appellate review of any substantive issues because his opening brief is “primarily, a rehashing of the allegations previously made in his Complaint” and “fails to address the issue of res judicata in any way.” Aplee. Br. at 5. We agree. Mr. Hill’s opening brief fails to even mention res judicata let alone explain how the district court erred in dismissing his complaint on that basis. See Aplt. Op. Br. at 2-4. We have explained that “issues will be deemed waived if they are not adequately briefed.” Utahns for Better Transp. v. U.S. Dep’t of Transp., 305 F.3d 1152, 1175 (10th Cir. 2002). Mr. Hill has therefore waived any challenge to the district court’s dismissal of his complaint by not including any argument in his opening brief related to the court’s res judicata ruling. See, e.g., Anderson v. U.S. Dep’t of Labor, 422 F.3d 1155, 1174 (10th Cir. 2005) (concluding that appellant waived certain claims by failing to assert any argument concerning the Administrative Review Board’s determination that the Energy Restoration Act only provides a cause of action to employees). We note that Mr. Hill does argue in his reply brief that res judicata should not apply to bar his federal' suit because his two lawsuits “are totally different.” Aplt. Reply Br. at 2. He states that, “[o]ne is a Medical malpractice [and] Gross Negligence” suit and the second suit “falls under 42 U.S.C. § 1983 Deliberate Indifference.” Id. But we have explained that “[t]he failure to raise an issue in an opening brief waives that issue” and “appellate courts will not entertain issues raised for the first time on appeal in an appellant’s reply brief.” Anderson, 422 F.3d at 1174 (internal quotation marks and brackets omitted). We therefore decline to consider the argument Mr. Hill has raised in his reply brief because he waived it by failing to raise it in his opening brief. For the foregoing reasons, we affirm the district court’s judgment. We grant Mr. Hill’s motion to proceed on appeal in forma pauperis, and we remind him that he is obligated to continue making partial payments until the fees are paid in full. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal, See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.